## Richmond.

### STIMMEL V. BENTHALL AND ANOTHER.

#### March 12, 1908.

1. APPEAL AND ERROR—*Final Judgment—Finding for One of Several Defendants on Separate Plea of Set-offs.*—In an action by a plaintiff against two defendants where one of the defendants files a plea of set-offs in excess of the plaintiff's demand, and the other defendant files no plea, if the court, without the intervention of jury, gives judgment in favor of the defendant pleading for the excess of his set-offs over and above the plaintiff's demand and for his costs, this is a final judgment, disposing of the case as to both defendants and to it a writ of error lies.

2. APPEAL AND ERROR—*Duplicity in Replication—Issue—Set-offs.*—Strict rules of pleading do not apply to proceedings by motion for a judgment for money, nor to the defense of set-offs; and if in such a proceeding the plaintiff, in answer to a plea of set-offs, files a replication which sets up two separate and distinct replies, but the defendant, without objection, takes issue thereon, and the court, after hearing arguments of counsel, renders judgment on the issue, objection to said replication for duplicity cannot thereafter be made in this court for the first time.

3. PLEADING—*Set-offs Offered by Surety—Code, Sec. 3298.*—Under the provisions of Code (1904), sec. 3298, a surety who is a co-defendant with his principal, cannot set up against the plaintiff a set-off which he has against the plaintiff. The principal in such case can set-off a demand due him by the plaintiff, but the surety cannot.

4. PLEADING—*Recoupment Under Code, Sec. 3299—Legal Demands.*—Under the provisions of Code (1904), sec. 3299, a defendant cannot set-off or recoup against the plaintiff's claim a purely legal demand growing out of an entirely different transaction from the claim asserted by the plaintiff. The provisions of section 3299 were not intended to alter or modify that provision of section 3298 which excludes the right of a surety to set-off against the plaintiff's demand a claim due to such surety as principal by the plaintiff.

Error to a judgment of the Circuit Court of Elizabeth City county in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Wm. C. L. Taliaferro,* for the plaintiff in error.

*F. S. Collier* and *Jno. W. Friend,* for the defendants in error.

KEITH, P., delivered the opinion of the court.

W. P. Stimmel filed his notice in writing of a motion for judgment for $180, in the Circuit Court of the county of Elizabeth City, due by contract, in which W. S. Benthall was principal and J. W. Benthall was surety. The principal seems to have filed no plea. The surety J. W. Benthall, filed a plea of set-off, the legal effect of which is that W. P. Stimmel, for a valuable consideration, agreed and bound himself to pay to J. W. Benthall, the surety, the sum of $300; that he was willing to set-off and allow the sum of money remaining due to the plaintiff upon the contract set out in the notice, to-wit: the sum of $180, against the $300, and asked judgment for the balance over and above that amount.

To this plea Stimmel replied as follows: "The said plaintiff comes and says that the said J. W. Benthall, one of the defendants in this action, should not have and maintain his special plea of set-off filed herein, because the said plaintiff never agreed to pay the said sum of three hundred dollars to the said J. W. Benthall, because even if he had agreed to do so, the said promise being a promise to pay the debt of another was not in writing; and because the said J. W. Benthall stands in the relation of surety in this action for the debt due by the said W. S. Benthall to this plaintiff, and if such debt be owing by the said plaintiff to the said J. W. Benthall, as described in his said plea, such debt cannot in this action be pleaded by such surety as a proper set-off. And this he prays may be enquired of by the country."

Thereupon the court entered the following order: "This day came the parties, by their attorneys, and the defendant, J. W.

Benthall having filed an affidavit and plea in the nature of a set-off to the claim of the plaintiff in the motion mentioned, at rules in the clerk's office of this court, the plaintiff, by counsel, asked leave to reply specially in writing thereto, which replication being filed by leave of the court, issue is joined as to the plaintiff and said J. W. Benthall, and neither party demanding a jury, submitted all questions of law and fact for trial by the court, and the court having partially heard the evidence and arguments of counsel, but being unable to complete the hearing of the same, doth continue the further hearing of this cause until to-morrow morning at 10:30 o'clock. On the next day the evidence was concluded, and the court entered the following order: "This day again came the parties by their attorneys, and the court having heard the remainder of the evidence and arguments of counsel is of the opinion that the claim of the defendant J. W. Benthall in his special plea of set-off mentioned is just and proper. It is, therefore, considered by the court that the defendant J. W. Benthall recover of the plaintiff W. P. Stimmel the sum of $300, subject to a credit however of $180, being the amount by the said defendant in his said special plea of set-off claimed, less the amount in said notice of said plaintiff claimed by the plaintiff against him, the said J. W. Benthall, as surety for the other defendant, W. S. Benthall. It is further considered by the court that the said defendant, J. W. Benthall recover of the said plaintiff, W. P. Stimmel his costs, by him about his suit in this behalf expended." * * *

To that judgment a writ of error was obtained by W. P. Stimmel.

Defendants in error suggest to the court that the writ has been improvidently awarded; that the case has not been disposed of as to W. S. Benthall; and that the judgment was not, therefore, final, and the case should be remanded for further proceedings to be had therein.

In this view we cannot concur. We think the judgment which we have recited completely disposed of the controversy and ended the case.

It is also insisted by the defendants in error, that the replication was not an answer to the special plea, and that a joinder in such a replication could not impart any force or effect to it; and, further, that the replication is bad for duplicity; and that the plaintiff cannot at the same time make more than one answer to the same plea.

If those objections had been made in the trial court, they would not, perhaps, have been without force; but under the circumstances of this case they cannot prevail here. The action was a motion, and the defense a plea of set-off. This court has upon numerous occasions said that, both with respect to the proceeding by motion and the defense by way of set-off, the strict rules of pleading do not apply. Stimmel, in his replication, it is true, denies that he had ever agreed to pay the sum demanded in the set-off; that if he had promised to do so, it was a promise to pay the debt of another and was not in writing; and that J. W. Benthall being sued as surety could not set-off against the demand of the plaintiff a debt due to himself as principal; which replication, the order of the court says, being filed by leave of court, issue is joined as to the plaintiff and the said J. W. Benthall, and neither party demanding a jury, submitted all questions of law and fact for trial by the court. The court heard the evidence and arguments of counsel, and gave judgment. There is not a suggestion of objection on the part of any one to the pleading. We think, therefore, that these preliminary objections, now made for the first time by defendants in error, are without merit. *Deatrick's Admr.* v. *State Life Ins. Co.,* 107 Va. 602, 1 Va. App. 670, 59 S. E. 489.

We come, now, to consider the assignment of error presented in the petition.

Section 3298 of the Code provides: "In a suit for any debt, the defendant may at the trial prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff

notice of its nature, but not otherwise.  Although the claim of the plaintiff be jointly against several persons, and the set-off is of a debt not to all but only to a part of them, this section shall extend to such set-off, if it appear that the persons, against whom such claim is, stand in the relation of principal and surety, and the person entitled to this set-off is the principal."

In this case, Stimmel was the plaintiff, W. S. Benthall was the principal and J. W. Benthall was the surety.  The set-off described in the plea is not of a debt due to W. S. Benthall, but of a debt due, if at all, by the plaintiff to J. W. Benthall, the surety, and comes plainly within the provision of the section just quoted, and under this section was not admissible as a defense against the demand sued upon.

Section 3299 of the Code is as follows:  "In any action on a contract, the defendant may file a plea, alleging any such failure in the consideration of the contract, or fraud in its procurement, or any such breach of any warranty to him of the title or the soundness of personal property, for the price or value whereof he entered into the contract, or any other matter as would entitle him either to recover damages at law from the plaintiff, or the person under whom the plaintiff claims, or to relief in equity, in whole or in part, against the obligation of the contract; or, if the contract be by deed, alleging any such matter arising under the contract, existing before its execution, or any such mistake therein, or in the execution thereof, or any such other matter as would entitle him to such relief in equity; and in either case alleging the amount to which he is entitled by reason of the matters contained in the plea.  Every such plea shall be verified by affidavit."

It will be observed that the claim of set-off here is for a purely legal demand.  The plea alleges a promise, for a lawful consideration, made by Stimmel to J. W. Benthall to pay the latter the sum of $300.  It was a transaction wholly independent of the contract upon which Stimmel's motion was founded.  It has in it no element of equity.  There is no inti-

mation or suggestion in the plea that any of those equities exist which grow out of the insolvency of the plaintiff, nor indeed is there anything which indicates the existence of an equity of any character whatever, but is the assertion, we repeat, of a naked legal demand.

We have seen that it could not be pleaded under section 3298. It does not present under section 3299 the case of a failure of consideration in the contract, or fraud in its procurement, or any breach of any warranty of title or soundness of the personal property for the price or value whereof the contract was entered into. All these defenses plainly apply to a party to the contract upon which the action is founded, and the words "or any other matter as· would entitle him to recover damages at law from the plaintiff," which are an addition to the section as found in the Code of 1849, are similarly confined in their operation. It enlarges the subject of set-offs and extends them beyond the limits of section 3298, but was not intended to alter or modify that provision of section 3298 which excludes the right of a surety to set-off against the demand preferred against him in that character a claim due to him as principal by the plaintiff. The two sections are *in pari materia,* and are to be construed together and effect given to both.

We are of opinion, therefore, that the plea of set-off should have been rejected, and that the judgment of the circuit court should be reversed; and this court will enter such judgment as the circuit court should have rendered.

*Reversed.*