## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### DEAN V. DEAN. ·

### March 21, 1918.

1. PLEADING—*Time of Filing and Perfecting—Amendments.*—A very large discretion is vested in the trial courts as to the time of filing and perfecting pleadings, and the Supreme Court of Appeals will not reverse a case unless the action is clearly erroneous and harmful.

2. AMENDMENTS—*Filing Affidavits—Time of—Case at Bar.*—Acts of 1914, page 641, provides that the court may at any time, in furtherance of justice, upon such terms as may be just, permit any proceeding or pleading to be amended, or material supplemental matter to be set forth in an amended, or supplemental pleading; and that at every stage of the proceeding errors or defects which do not affect the substantial rights of the parties must be disregarded. In the case at bar, plaintiff instituted his action of assumpsit against the defendant as a member of an alleged partnership. Defendant pleaded non-assumpsit, and upon that plea the plaintiff at once took issue, the jury was immediately sworn and the trial proceeded. After all of the evidence had been introduced on behalf of the plaintiff, the greater part of which evidence being for the purpose of proving the alleged partnership, and the plaintiff had announced his case closed, and after the defendant had introduced all of the evidence in his behalf to deny the existence of the alleged partnership, and had announced his case closed, but while both the plaintiff and the defendant, who were the only witnesses in the case, were still in the court room, counsel for plaintiff called the attention of the court to the failure of the, defendant to file with his plea the proper affidavit under section 3280, Code of 1904, denying the partnership. Thereupon, on the motion of counsel for the defendant and over the objection and exception of the plaintiff, the court permitted the counsel for the defendant to prepare and file such an affidavit.

*Held:* Under these circumstances, where neither the evidence nor the facts were certified to the Supreme Court of Appeals so that that court had no facts showing that plaintiff's rights had been injuriously affected, the judgment in favor of the defendant should be affirmed.

65

3.  AMENDMENTS—*Filing Affidavits—Time of—Case at Bar—Continuance.*—If the plaintiff had indicated to the court that he had been put in a disadvantageous position, or taken by surprise, and had asked the court for a continuance, the court would doubtless have continued the case on his motion. Certainly this should have been done, if it appeared that he had been taken by surprise. Instead of doing this, however, he went on with the trial, contenting himself with a mere exception to the action of the court in allowing the affidavit to be filed, and took his chances before the jury upon the evidence submitted.

Error to a judgment of the Circuit Court of city of Alexandria. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Daniel T. Wright* and *T. M. Wampler,* for the plaintiff in error.

*Gardner L. Boothe,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The plaintiff, Edward S. Dean, instituted his action of assumpsit against the defendant, Charles A. Dean, as a member of a partnership alleged to consist of the said defendant and one Augustus Dean. On September 16, 1916, when the case matured, the defendant pleaded non-assumpsit, and upon that plea the plaintiff at once took issue, the jury was immediately sworn and the trial proceeded.

Neither the evidence nor the facts are certified, and there was but a single exception taken. That exception grows out of the fact that the defendant failed to file with his plea the proper affidavit under section 3280, denying the partnership.

The record shows that after all of the evidence had been

introduced on behalf of the plaintiff, the greater part of said evidence being for the purpose of sustaining the contention of the plaintiff that a partnership existed, as alleged in the declaration, between the defendant, Charles Dean, and Augustus Dean, and the plaintiff had announced his case closed, and after the defendant had introduced all of the evidence in his behalf to deny the existence of that partnership, as alleged, and had announced his case closed, but while both the plaintiff and the defendant, who were the only witnesses in the case, were still in the court room, counsel for plaintiff called the attention of the court to section 3280 of the Code requiring such affidavit, and thereupon, on the motion of counsel for the defendant and over the objection and exception of the plaintiff, the court permitted the counsel for the defendant to prepare and file such an affidavit.

It is perfectly settled that a very large discretion is vested in the trial courts as to the time of filing and perfecting pleadings, and that this court will not reverse a case unless the action is clearly erroneous and harmful. In this case it was proper for the court to permit the amendment, and in this connection it is observed that the affidavit was filed on the same day the plea was filed.

In the case of *Whitley* v. *Booker Brick Co.,* 113 Va. 434, 74 S. E. 160, this court decided that it is within the discretion of the trial court at any time before verdict rendered to allow amendments of the pleadings which will operate in favor of justice, and that the rights of the opposite party can always be protected by a postponement of the case, or a continuance, as circumstances may require. Since that case was decided this salutary rule has been embodied in the act entitled "an act to simplify and expedite the administration of justice in this State by the elimination of useless technicalities and vexatious delays and permitting amendments under certain conditions in causes hereafter instituted," which is as follows:

"Be it enacted by the General Assembly of Virginia, that in any suit or action hereafter instituted the court may, at any time, in furtherance of justice, upon such terms as may be just, permit any proceeding or pleading to be amended, or material supplemental matter to be set forth in an amended, or supplemental pleading. The court, at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." (Acts 1914, p. 641.)

If the plaintiff had indicated to the court that he had been put in a disadvantageous position, or taken by surprise, and had asked the court for a continuance, the court would doubtless have continued the case on his motion. Certainly this should have been done, if it appeared that he had been taken by surprise. Instead of doing this, however, he went on with the trial, contenting himself with a mere exception to the action of the court in allowing the affidavit to be filed, and took his chances before the jury upon the evidence submitted. Under these circumstances, and because none of the evidence is certified so that this court has no facts showing that his rights have been injuriously affected, it is clear that the judgment in favor of the defendant upon the verdict should be affirmed.

*Affirmed.*