## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### KEISTER'S EXECUTORS V. PHILIPS' EXECUTRIX.

March 13, 1919.

1. BILL OF PARTICULARS—*Action on Note—Consideration for Note.*— In an action upon a note the court refused to require the plaintiff to file a bill of particulars stating the consideration of the note. The motion for a bill of particulars was based upon section 3249 of the Code of 1904.

   *Held:* That the action of the court in refusing the motion for the bill of particulars, if error, was clearly harmless, because the plaintiff's case was based upon a negotiable note, and the only reason alleged for desiring a bill of particulars was in order to have the plaintiff state the consideration for which the note was given, and upon the trial plaintiff admitted that the note was given for the consideration alleged by defendants.

2. BILL OF PARTICULARS—*Discretion of Court.*—A motion for a bill of particulars under section 3249, Code of 1904, is addressed to the sound discretion of the court and should be sustained in cases where the notice, declaration or other pleading is so drawn as not to give the defendant proper notice of the particulars of the claim.

3. BILLS, NOTES AND CHECKS—*Declarations and Admissions—Self-Serving Declarations—Declarations as to Ownership of Property—Res Gestae.*—In an action on a note the trial court permitted an attorney to testify that after the date of an alleged receipt by the payee for a part payment upon the note, the payee sent the note to the attorney for collection. It was claimed that this evidence should have been excluded upon the ground that the self-serving declarations of the payee would have been excluded, and that it was tantamount to admitting the payee's statement that the debt had not been paid.

   *Held:* That the fact testified to was not a declaration of the payee, but was a fact explaining the attorney's possession of the note, and tending to prove his principal's ownership. Even if considered a declaration by the payee that the note belonged to him at that time, it was admissible, for declarations and conduct as to the ownership of property, made by a person in possession thereof, are generally admissible in evidence upon an issue as to such ownership as part of the *res gestae.*

74

4.  FORGERY—*Time of Filing Affidavit Denying Signature to Receipt
    —Section 3279 of the Code of 1904.*—In an action upon a note
    the court allowed the plaintiff during the trial to file an affi-
    davit denying the signature of payee to a receipt for a part
    payment upon the note. Defendants had relied upon section
    3279 of the Code of 1904, and objected to any evidence denying
    the genuineness of the signature to the receipt. Their objec-
    tion was properly sustained, and then upon motion of the
    plaintiff she was permitted to file an affidavit denying the gen-
    uineness of such signature.

    *Held:* No error.

5.  PLEADING—*Time of Filing—Discretion of Court.*—Trial courts
    have a very large discretion as to the time of filing and perfect-
    ing pleadings, which the Supreme Court of Appeals will not
    review unless such action is clearly erroneous and harmful.

6.  HANDWRITING—*Comparison.*—Genuine specimens of handwriting
    or the signature of the person whose handwriting is involved
    in the issue to be determined may be introduced, subject to
    proper control by the judge, and, without the testimony of ex-
    perts, such specimens may be subjected to comparison with the
    disputed writing by the jury. There should, of course, be
    no doubt whatever as to the genuineness of the specimens
    offered for such comparison.

7.  PRESUMPTIONS AND BURDEN OF PROOF.—An instruction that the
    burden of proving payment on a note sued upon was upon the
    defendants, was not erroneous as relieving the plaintiff of the
    burden which always rests upon him throughout the trial, to
    prove his case by a preponderance of the evidence. While, of
    course, this burden never shifts and the instruction should have
    been more carefully drawn, the possession and production of
    the note by the plaintiff, without other evidence, was suffici-
    ent to prove his case, and the defendants having pleaded pay-
    ment, the burden of proving such payment was upon the de-
    fendants. This is all the court intended to say to the jury,
    and there was no reason to doubt that they understood it.

8.  RECEIPT—*Affidavit of Genuineness.*—Where the genuineness of a
    receipt had been denied by an affidavit filed by the plaintiff,
    there was no error in the refusal of the trial court to instruct
    the jury that the receipt was *prima facie* evidence of payment.
    The denial shifted the burden to the defendants to prove the
    fact of payment. If genuine the receipt was convincing evi-
    dence thereof, and, if a forgery, was unworthy of credit.

Error to a judgment of the Court of Law and Chancery of city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*E. R. F. Wells,* for the plaintiff in error.

*Edward H. Baird, Jr.,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

M. L. Keister and D. E. Keister, executors of the last will and testament of E. E. Keister, deceased, defendants, complain of a verdict and judgment in favor of Mary E. Philips, executrix of the last will and testament of W. H. Philips, deceased, plaintiff.

The plaintiff's motion is based upon a note for $500 made by E. E. Keister, payable to her testator, W. H. Philips. The defendants pleaded the general issue and filed a special plea alleging that on July 16, 1916, their testator, E. E. Keister, had paid to W. H. Philips, the payee of the note, $500 in part payment thereof, and that Philips had signed and delivered to Keister a receipt in writing for that sum; and they paid into court a small balance admitted to be due.

[1, 2]   1. The first error alleged is that the court refused to require the plaintiff to file a bill of particulars stating the consideration of the note, basing their motion upon section 3249 of the Code. Such a motion is addressed to the sound discretion of the court and should be sustained in cases where the notice, declaration or other pleading is so drawn as not to give the defendant proper notice of the particulars of the claim. *Driver* v. *Southern Ry. Co.,* 103

Va. 654, 49 S. E. 1000.  In this case the error, if error it was, is clearly harmless, because the plaintiff's case was based upon a negotiable note, and the only reason alleged for desiring a bill of particulars was in order to have the plaintiff state the consideration for which the note was given.  Upon the trial the plaintiff admitted that it was given for stock in the Campostella Heights Company, as alleged by the defendants.  So that there was no surprise, and no good purpose would have been accomplished by having such a bill of particulars.

[3]   2. It is alleged that the court erred in permitting the witness, McCoy, an attorney, to testify that W. H. Philips, after the date of the alleged receipt, sent the note to him for collection.  It is claimed that this evidence should have been excluded upon the same ground that the self-serving declaration of Philips would have been excluded, and that it was tantamount to admitting Philips' statement to the effect that the debt had not been paid.

We cannot agree with this suggestion.  The fact testified to was not a declaration of Phillips, but was a fact explaining the attorney's possession of the note, and tending to prove his principal's ownership.  Even if considered a declaration by Philips that the note belonged to him at that time, it is admissible, for declarations and conduct as to the ownership of property, made by a person in possession thereof, are generally admissible in evidence upon an issue as to such ownership as part of the *res gestae.*  10 R. C. L. 984.

[4, 5]   3. It is alleged that the court committed error in allowing the plaintiff during the trial to file an affidavit denying the signature to the receipt, and in this way to put in issue the genuineness of that signature.  The defendants relied upon section 3279 of the Code, reading thus: "Where a bill, declaration, or other pleading alleges that any person made, endorsed, assigned, or accepted any

writing, no proof of the fact alleged shall be required, unless an affidavit be filed with the pleading putting it in issue, denying that such endorsement, assignment, acceptance, or other writing was made by the person charged therewith, or by any one thereto authorized by him," and objected to any evidence denying the genuineness of the signature to the receipt. Their objection was properly sustained. Then upon motion of the plaintiff she was permitted to file an affidavit denying the genuineness of such signature. We have no doubt whatever of the correctness of this ruling. Trial courts have a very large discretion as to the time of filing and perfecting pleadings, which this court will not review unless such action is clearly erroneous and harmful. *Whitley* v. *Booker Brick Co.*, 113 Va. 434, 74 S. E. 160; *Dean* v. *Dean*, 122 Va. 513, 95 S. E. 431.

[6] 4. The court allowed various specimens of the handwriting and signature of W. H. Philips upon checks and letters proved to be genuine, to be introduced for the purpose of comparison by the jury, and this is also alleged to be erroneous. This question has been the subject of much discussion and of many statutes, and formerly there was the greatest contrariety of decision. In this State, in the case of *Hanriot* v. *Sherwood*, 82 Va. 1, this court discrediting *Rowt's Adm'x* v. *Kile's Adm'r*, 1 Leigh (28 Va.) 216, and *Burress* v. *Commonwealth*, 27 Gratt. (68 Va.) 934, held that expert testimony can be received by the jury to test by comparison disputed handwriting with other writings admitted or proved to be genuine; and this later ruling is followed in *Johnson's Case*, 102 Va. 927, 46 S. E. 789. The precise question, however, here is, whether the jury, without the aid of expert testimony, may make such comparison. The multitudinous decisions on the subject are collected in a note to *University of Illinois* v. *Spalding*, 71 N. H. 163, 62 L. R. A. 817, and it is there said, on p. 867, that "Comparison by the jury is allowed, it has been

seen, in every jurisdiction except North Carolina and Louisiana; the exclusion of this kind of proof in North Carolina being in accordance with a supposed common law rule refusing the jury permission to see written documents in the case; and in Louisiana owing to a statute limiting comparison to experts appointed by the court, according to the civil law rule."

It is noted in passing, that the reason for the rule prevailing in North Carolina does not apply in Virginia because of the statute (Code, section 3388) expressly permitting juries in this State to take all documents introduced in evidence with them to the jury room. The former rule has been repudiated in most, if not all, jurisdictions, and it is now generally held that such comparison of the writings is a rational method of investigation; that similarities and dissimilarities thus disclosed are of probative value, and that it is as satisfactory in the search for truth as any other method yet pursued. Indeed, it is difficult to understand why there should ever have been any doubt about it. Mr. Justice Coleridge, in *Doe* v. *Suckermore,* 7 A. & E. 706, suggests as an objection that "the English law has no provisions for regulating the manner of conducting the inquiry," and as Mr. Wigmore so pungently says this objection "illustrates that perverse disposition of the Anglo-Saxon judge—the despair of the jurist—to tie his own hands in the administration of justice—to deny himself, by a submission to self-created bonds, that power of helping the good and preventing the bad which an untechnical common sense would never hesitate to exercise." 3 Wigmore on Ev., section 2000. The modern rule which is fully approved by this court is well stated in 10 R. C. L., p. 994.

We have no doubt whatever that genuine specimens of handwriting or the signature of the person whose handwriting is involved in the issue to be determined may be

introduced, subject to proper control by the judge, and, that without the testimony of experts, such specimens may be subjected to comparison with the disputed writing by the jury.   There should, of course, be no doubt whatever as to the genuineness of the specimens offered for such comparison.

*Rowt's Adm'x* v. *Kile's Adm'r, supra,* and *Burress* v. *Commonwealth, supra,* on this point are overruled.

[7]   5. It is alleged that the court erred in granting the instruction No. 1, reading thus: "The court instructs the jury that the burden of proving payment on the note sued on is upon the defendants, and unless they believe from the preponderance of the evidence that said note has been paid, they should find for the plaintiff."

It is claimed that the vice of this instruction is that it relieves the plaintiff of the burden which always rests upon him throughout the trial, to prove his case by a preponderance of the evidence.   While, of course, this burden never shifts and the instruction should have been more carefully drawn, we find no substantial objection to it.  The possession and production of the note by the plaintiff, without other evidence, was sufficient to prove his case, and the defendants having pleaded payment, the burden of proving such payment was upon the defendants.   This is all the court intended to say to the jury, and there is no reason to doubt that they understood it.

[8]   6. It is also alleged that the court erred in refusing to instruct the jury that the receipt introduced in evidence is *prima facie* evidence of payment.  No authority is cited for this proposition, and we think it unsound.   The genuineness of the receipt had been denied by the affidavit filed by the plaintiff, as is above stated, and this shifted the burden to the defendants to prove the fact of payment. If genuine, the receipt was convincing evidence thereof, and if a forgery was unworthy of credit.

*Affirmed.*