# Richmond

## WILLIAM J. LOUGH v. LYON, INCORPORATED.

March 11, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*C. R. Ahalt* and *John Locke Green*, for the plaintiff in error.

*Harry R. Thomas* and *John S. Barbour*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

William J. Lough instituted this action by notice of motion, alleging in effect that he was employed by Lyon, Incorporated, to perform certain work upon a building owned by defendant, and that defendant failed in its duty to furnish him a safe place to work. The jury returned a verdict for defendant upon which the trial court entered judgment.

Plaintiff assigns errors in four particulars. One of these

assignments is based upon the refusal of the trial court to give instruction No. 10, requested by plaintiff, and another upon refusal of the court to set aside the verdict on the ground that it was contrary to the law and the evidence. This court will not consider either of these assignments, because plaintiff did not see fit to incorporate in the record all the instructions given, or any of the evidence introduced.

The other assignments are based upon the action of the court in permitting defendant, after the jury was sworn, to make an affidavit to its plea previously filed and to introduce evidence in support of the plea.

The material averments in the notice of motion read thus: "That heretofore, to-wit, on the 31st day of October, 1934, while working on a building within the scope of my employment and for you, said building being located in Lyon Village, Arlington County, Virginia, and being a house under construction and owned and/or constructed under your control, a scaffold on which I was standing while working on the aforesaid building collapsed, which scaffold was put there and constructed for me and others by your servants, agents and employees while acting within the scope of their employment and under your direction and for said purpose, but said scaffold was so insecurely and weakly constructed by the aforesaid agents, servants, employees, I was thrown to the ground and was injured, hurt, * * *"

To these allegations the defendant filed the following plea: "Now comes the defendant and denies that the plaintiff was working for defendant or under his control at the time and place mentioned in the motion, or that the scaffold therein mentioned was put there or constructed for the plaintiff or others by the servants, agents or employees of the defendant, or under its direction, and denies that the scaffold referred to was constructed by the agents, servants and employees of the defendant or was insecurely and weakly constructed, and alleges that the injury, if any, resulting to the plaintiff was either the result of his own negligence in overloading said scaffold, or the negligence of others over whom the defendant had no control, and will rely upon any other failure of

the plaintiff to prove any and all of the allegations in his motion."

This plea denied: (1) That the relationship of master and servant existed between defendant and plaintiff; (2) that the scaffold was constructed for the use of plaintiff; (3) that it was constructed by the agents, servants, employees of defendant; (4) that it was insecurely or weakly built. It affirmatively alleges that the injury, if any, was due to the negligence of plaintiff, or the negligence of others over whom defendant had no control.

The specific allegations to the effect that the building and scaffold were owned by defendant are not denied in the plea, and hence ownership of these two structures was not put in issue. In order for plaintiff to have recovered on the complaint made, it was incumbent upon him to prove: (1) That the relationship between defendant and plaintiff was that of master and servant, and (2) that the master had breached the duty the law imposes upon it to provide a reasonably safe place for the servant to work.

The provisions of Code, section 6126, do not require an affidavit to a plea putting such averments in issue. The statute is remedial and its purpose is to relieve the plaintiff of proving more or less formal matters, and, like Code, section 6125, it is designed to aid plaintiffs to concentrate their proof upon the real merits of the controversy without having to be prepared, at the time of trial, to prove the genuineness of the signature to writings in the one instance (section 6125), or the ownership or control of instrumentalities in the other (section 6126), unless such matters are put in issue by a sworn plea.

Judge Gregory in *Carlton* v. *Martin*, 160 Va. 149, 157, 168 S. E. 348, 350, approved the following statement: "The statute (6126) is a wise one, but it may not be invoked unless proper allegations are made. It was not the purpose of the statute to catch the unwary, but to obviate the necessity of proving matter which rests peculiarly in the possession of the defendants."

Even if we held that the provisions of the statute were

applicable and that the allegations in the notice of motion required defendant to make affidavit to his plea, the position of plaintiff would not be improved. He has had one fair trial on the merits. The question of admissibility of evidence under the unsworn plea, to the effect that plaintiff was an independent contractor, and not a servant or employee of defendant, arose while defendant's counsel was making his opening statement to the jury.

After the objection was fully argued, the court, over protest of plaintiff, allowed defendant to amend its plea by swearing to the truth of the averments. The court then stated to plaintiff that if he was not prepared to meet the issue raised by the plea as amended, the case would be continued. Counsel elected to take his chances before the jury then sworn, with the result above stated.

The trial court in permitting the amendment applied the provisions of Code, section 6104, which reads thus: "In any suit, action, motion or other proceeding hereafter instituted, the court may at any time in furtherance of justice, and upon such terms as it may deem just, permit any pleading to be amended, or material supplemental matter be set forth in amended or supplemental pleadings. The court shall, at every stage of the proceedings, disregard any error or defect which does not affect the substantial rights of the parties. If substantial amendment is made in pursuance of this section, the court shall make such order as to continuance and costs as shall seem fair and just."

These statutory provisions are somewhat broader than the rule pronounced by this court in *Whitley* v. *Booker Brick Company*, 113 Va. 434, 74 S. E. 160, 162. In that case defendant offered to prove certain payments or credits which it claimed should have been allowed on the amount of the debt on which plaintiff had based his action. An objection was raised as to the admissibility of the evidence on the ground that such items were not filed as an account with the plea of the general issue, and that there was no special plea of payment or set-off filed in the case. The trial court excluded

the evidence on the ground stated. Defendant then offered to amend the plea at the bar of the court. The trial court refused to admit amendment. On review by this court it was held that the refusal of the trial court to permit such amendment was reversible error.

In the course of the opinion it was said: "In 1 Robinson's Pr. (Old Ed.), 233, we are told that 'it is in the discretion of the court, at any time before verdict is rendered, to allow amendments of the pleadings which will operate in favor of justice.' *Perkins' Adm'r* v. *Hawkins' Adm'x*, 9 Gratt. (50 Va.) [649] 653.

"Where such amendments are allowed, the rights of the opposite party can always be safeguarded by a postponement of the trial, or, if need be, by a continuance of the case."

The wording of section 6126 is somewhat similar to that used in section 6127, in which it is declared that if a partnership or corporation is, in any pleading, alleged to exist, proof of that fact is not necessary unless put in issue by a sworn plea. The provisions of this section were applied in *Dean* v. *Dean*, 122 Va. 513, 95 S. E. 431, 432. Judge Prentis, speaking for the court in that case, said: "Neither the evidence nor the facts are certified, and there was but a single exception taken. That exception grows out of the fact that the defendant failed to file with his plea the proper affidavit under section 3280 (now section 6127) denying the partnership."

After all the evidence was in, the trial court permitted defendant over the objection and exception of plaintiff to prepare and file such an affidavit. In the concluding paragraph of the opinion this is said:

"If the plaintiff had indicated to the court that he had been put in a disadvantageous position, or taken by surprise, and had asked the court for a continuance, the court would doubtless have continued the case on his motion. Certainly this should have been done, if it appeared that he had been taken by surprise. Instead of doing this, however, he went on with the trial, contenting himself with a mere exception to the

action of the court in allowing the affidavit to be filed, and took his chances before the jury upon the evidence submitted. Under these circumstances, and because none of the evidence is certified so that this court has no facts showing that his rights have been injuriously affected, it is clear that the judgment in favor of the defendant upon the verdict should be affirmed."

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*