# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## WHITLEY v. BOOKER BRICK COMPANY.

### March 14, 1912.

1. MOTION FOR JUDGMENT—*Liberality of Proceeding.*—The proceeding by motion for a judgment for money, under section 3211 of the Code, is intended to furnish a simpler, more expeditious, and less expensive remedy for the collection of debts than a regular action, and is viewed with more leniency, and a greater laxity in the pleadings is allowed in that form of procedure. ·

2. MOTION FOR JUDGMENT—*Plea of Non-Assumpsit—Proof of Set-Offs—Grounds of Defense.*—Under the plea of *non-assumpsit* to a motion, on an open account, under section 3211 of the Code, the defendant may prove set-offs, though no list is filed, where it appears that, at an early stage of the proceeding, the plaintiff was apprised of the nature of the defense. But, if the plaintiff had not been so apprised, his remedy was to demand a statement of the grounds under section 3249 of the Code.

3. PAYMENT—*Set-Offs—Intention.*—Whether a particular item constitutes a payment or a set-off depends largely upon the understanding of the parties. It is not infrequently the case that by agreement what would otherwise be a set-off may be converted into a payment.

4. PLEADING—*Amendments—Case at Bar.*—It is in the discretion of the trial court, at any time before verdict is rendered, to allow amendments of the pleadings which will operate in favor of justice. The rights of the opposite party can always be protected by a postponement of the case, or a continuance, as circumstances may require. In the case at bar, liberty to amend should have been granted to the defendant.

Error to a judgment of the Corporation Court of the city of Newport News, in a proceeding by motion for a judgment. Judgment for the plaintiff.  Defendant assigns error.

*Reversed.*

The opinion states the case.

*Jones & Woodward* and *T. J. Christian*, for the plaintiff in error.

*J. Winston Read*, for the defendant in error.

Whittle, J., delivered the opinion of the court.

This is a proceeding by motion, under Virginia Code 1904, section 3211, to recover $490.95; $286.05, part thereof, was evidenced by open account for the sale of bricks, and the residue by note, subject to a payment of $40.00.

The plaintiff in error, the defendant in the trial court, admitted the plaintiff's claim to the extent of $150.95, and as to the residue pleaded *non-assumpsit*, to which the plaintiff replied generally, and the issue thus made was submitted to a jury.

The president of the plaintiff company, having testified to the correctness of the demand, was asked on cross-examination if the $40.00 payment for which credit was given did not arise out of a contract between the parties for building a brick kiln, to which question the witness replied that he did not know, but supposed so; that the $40.00 credit had been given by another agent of the company.

Witness was then asked if, under that contract, the defendant was not entitled to a credit of $180, instead of $40, and again replied that he did not know, that another agent transacted that business.   To sustain the issue on his part, the defendant thereupon produced a written contract for building the kiln, and proposed to prove the amount due upon it as a payment in part of the plaintiff's demand; but objection was raised to its admissibility, on the ground that it amounted to an off-set, "but, whether payment or off-set, it could not be proved in the absence of any account filed with the general issue, or special plea of payment or set-off filed in the case."   The court sustained the motion to exclude the evidence on the ground of objection referred to, "and because no sort of notice of payment or set-off, oral or otherwise, was given by defendant when the issue was made up"; and to this ruling, and to the refusal of the court to permit the pleadings to be amended in conformity with its opinion, the defendant excepted.   The jury found a verdict for the plaintiff for the full

amount of its claim, and the court overruled the motion of the defendant to set aside the verdict as contrary to the law and the evidence, and entered the judgment now under review.

A proceeding by motion, under Virginia Code 1904, sec. 3211, is intended to furnish a simpler, more expeditious, and less expensive remedy for the collection of debts than by action, and the same is true of motions generally.   Hence we find that the uniform course of decision in this State has been to view with more leniency and to allow greater laxity in the pleadings in that form of procedure.   *Board of Supervisors* v. *Dunn*, 27 Gratt. (68 Va.) 608; *Carr* v. *Meade's Ex'x*, 77 Va. 142, 158; *Preston* v. *Salem Imp. Co.*, 91 Va. 583, 22 S. E. 486; *Hall* v. *Ratcliffe*, 93 Va. 327, 328, 24 S. E. 1011, citing *Bunch's Ex'or* v. *Fluvanna Co.*, 86 Va. 452, 454, 10 S. E. 532; 4 Min. Inst. (1st ed.), 1090.

In *Preston* v. *Salem Imp. Co.*, *supra*, the court held: "In a proceeding by motion to recover money, under section 3211 of the Code, in order to entitle the defendants to a trial by jury, as provided by section 3213 of the Code, an issue must be made up. This issue may be tendered by a plea, or by an informal statement in writing of the grounds of defense.   A mere oral statement is not sufficient; and in cases where the statute requires the plea to be verified by affidavit, that requirement of the statute must be complied with."

To the same effect is the decision in *Linskey* v. *Paul*, 100 Va. 764, 42 S. E. 875, where the court says: "The pleadings on a motion for a judgment for money, after notice, are intended to be of an informal nature, except where statutes require otherwise, as under section 3299 of the Code (special plea of set-off).   *   *   *"

In *Stimmel* v. *Benthall*, 108 Va. 141, 144, 60 S. E. 765, it was said: "This court has, upon numerous occasions, said that, both with respect to the proceeding by motion and the defense by way of set-off, the strict rules of pleading do not apply."

The foregoing limitations on the pleadings in proceedings by motion are essential, but we are not disposed to destroy the efficiency of that useful remedy by the imposition of needless restrictions.   It is apparent from the record that at an early stage of the proceeding the plaintiff was apprised of the nature of the defense.   Yet, if such had not been the case, the remedy

was to demand a statement of the grounds of defense, as provided by section 3249 of the Code. As remarked, the defendant offered in evidence the contract for building the brick kiln, and, moreover, sought to prove that he had given an order for $200, alleged to be due by the plaintiff on that contract, in part payment of its demand, all of which the court excluded.

We think the evidence was pertinent and plainly admissible under the plea of *non-assumpsit*.

In 4 Min. Inst. (3d ed.), 774, it is said: "But whatever may be the explanation, the fact is undeniable that for more than a century past there have been admitted, under the plea of *non-assumpsit* in all actions of *assumpsit*, whether founded on an implied or express promise, any matter of defense whatever (with a few exceptions, the same as in the case of *nil debit, ante,* p. 770) which tends to deny the defendant's liability to the plaintiff's demand." The excepted matters are "such defenses as are allowed by statute to be made by the plea of special set-offs.  *  *  * The statute of limitations, bankruptcy, and tender are believed, with this qualification, to be the only defenses which may not be proved under this plea, and they are excepted because they do not contest that the *debt is owing,* but insist only that *no action can be maintained* for it." See also *City Gas Co. of Norfolk* v. *Poudre, ante,* p. 223, 74 S. E. 158, and *Williamson* v. *Simpson, post,* p. 439, 74 S. E. 160, decided at the present term.

The question whether a particular item constitutes a set-off or a payment depends largely upon the understanding of the parties. It is not infrequently the case that by agreement what would otherwise be a set-off may be converted into a payment. And that it was the understanding of the parties in this instance that the amount due for building the brick kiln was to be a payment on the indebtedness of the defendant to the plaintiff is shown by the allowance of the $40.00 credit as a payment on the plaintiff's demand. But even if the court had correctly excluded the evidence, nevertheless, in the interest of justice, the defendant ought to have been permitted to amend the pleadings.

In 1 Robinson's Pr. (old ed.) 233, we are told that "it is in the discretion of the court, at any time before verdict is rendered, to allow amendments of the pleadings which will operate in favor of justice." *Perkins* v. *Hawkins,* 9 Gratt. (50 Va.), 653.

Where such amendments are allowed, the rights of the opposite party can always be safeguarded by a postponement of the trial, or, if need be, by a continuance of the case.

For these reasons, the judgment complained of must be reversed, the verdict of the jury set aside, and a new trial granted.

*Reversed.*