## Staunton.

### Russell Lumber Company v. Thompson & Lambert.

September 20, 1923.

1. Amendments—*Statutes—Liberal Construction.*—The Virginia statutes (Code of 1919, sections 6104, 6250, and 6409) allow substantial amendments in the pleadings for the promotion of justice, and they have always been liberally construed by the Supreme Court of Appeals as remedial in purpose.

2. Amendments—*Time of Amendment—Before Evidence in Chief for Plaintiffs had been Concluded—Case at Bar.*—In the instant case arising out of a breach of contract by defendants under which plaintiffs were to haul logs cut from the woods of the defendants, a motion by plaintiffs to amend their petition was made before the evidence in chief for the plaintiffs had been concluded. The amendment was germane, related to the same contract, and the right to recover depended upon the same alleged breach by defendants. The change only amplified the specific items or causes of the damages and the amount claimed for such alleged breach.

   *Held:* That the court should have allowed the amendment.

3. Amendments—*Time of Amendment—After Testimony for Defendants had been Introduced—Case at Bar.*—In the instant case arising out of a breach of contract by defendants under which plaintiffs were to haul logs cut from the woods of the defendants, a motion by plaintiffs to amend their petition was made after much of the testimony of the defendants had been introduced. It was then still possible for both parties to introduce their evidence upon the additional or amplified clause presented by the amendment, and to direct the attention of the jury to the issue thus tendered.

   *Held:* That the amendment should have been allowed.

4. Amendments—*Time of Amendment—Amendment after Testimony has Closed—Continuance—Case at Bar.*—In the instant case arising out of a breach of contract by defendants under which plaintiffs were to haul logs cut from the woods of the defendants, a motion by plaintiffs to amend their petition was made and allowed after the testimony had closed. The amendment was germane, related to the same contract, and the right to recover depended upon the same alleged breach. The court had twice refused to allow the amend-

ment during the presentation of the testimony. Defendants moved for a continuance on the ground of surprise.

*Held:* That the continuance should have been granted.

5. PLEADING—*Evidence must be Directed to the Issues Raised by the Pleadings—Exception—Time of Amendment.*—While the general rule is that the plaintiff must fairly state his case, and the evidence must be directed to the issues raised by the pleadings, still it is true that sometimes cases arise in which both parties ignore their pleadings, and in fact by their testimony fairly present other cognate issues to the jury. In such cases, both may be held to have waived their right to limit the issues by the pleadings, and when this occurs the pleadings may be amended at a very late stage of the proceedings. The instant case, however, was not such a case.

6. PLEADING—*Presentation of Issues.*—It is fundamental that the judge, the jury, and the litigants should understand the issues being tried before the testimony is concluded.

7. INSTRUCTIONS—*Damages—Limiting Amount of Recovery to Amount Claimed.*—An instruction is erroneous which fails to limit plaintiff's recovery to the amount claimed by him.

8. INSTRUCTIONS—*Presumptions and Burden of Proof—Right of Defendant to Instruction on Burden of Proof.*—In an action for a breach of contract under which plaintiffs were to haul logs cut from the woods of the defendants, defendants were entitled to have the jury instructed as to the burden of proof, so that where there were no other instructions on the point, the refusal of the court to give two instructions, which in effect told the jury that the burden was upon the plaintiffs to prove by a preponderance of the evidence that the defendants breached the contract sued on, was erroneous.

Error to a judgment of the Circuit Court of Tazewell county, in a proceeding by attachment. Judgment for petitioner. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Chapman, Perry & Buchanan,* for the plaintiff in error.

*Spratt & Spratt* and *T. C. Bowen,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The Russell Lumber Company, a co-partnership, hereafter called the defendants, complain of a judgment against them for $700.00 in favor of Thompson & Lambert, a co-partnership, hereafter called the plaintiffs.

The controversy arises out of a contract under which the plaintiffs were to haul logs cut from the woods of the defendants to their mill for manufacture into lumber by them. The proceeding was by attachment, which was levied upon lumber and other property of the defendants.

The claim was made specific in the petition as well as in the account filed therewith, and was thus itemized: $239.00, covering $1.00 per thousand feet due for logs already hauled (at $6.00 per thousand) which had been retained by the defendants pursuant to the contract to ensure complete performance thereof by the plaintiffs; $90.00 for cost of maintaining their two double teams for one month; and $459.00 for lost profits at $17.00 per day, June 15 to July 15, 1921, during which period the plaintiffs alleged that the defendants had prevented them from performing the logging contract. The aggregate of these items is $788.00, which was the amount claimed.

The defendants answered, took issue upon all of the allegations of the petition, and asserted a counterclaim against the plaintiffs which is thus itemized in the account filed with the answer:

| | |
|---|---:|
| "To amount overpaid on hauling of lumber | $ 171.99 |
| "To amount of damages for breach of logging contract | 200.00 |
| "To amount of damages by reason of failure and refusal to log the timber as directed by said company, on account of which orders were cancelled | 850.00 |

"To damages by reason of the unlawful suing out of the attachment in this case_____ $ 145.00

$1,366.00

"Less amount retained by said company out of the logging that was done_____ $ 239.00

"Balance due company_____ $1,127.99"

It is clear from the evidence that the defendants stopped their timber cutters and ceased to operate their sawmill before the logging contract was completed, but they claim that the necessity therefor was communicated to the plaintiffs; that by way of compensation for the loss of this work by the plaintiff they were employed and paid to haul lumber during this period, and that they assented to the temporary cessation of work under the logging contract. This temporary abandonment is conceded by the plaintiffs but there is a sharp conflict between them on nearly all of the other issues. The plaintiffs claim that when they had finished hauling the lumber the defendants had employed no cutters to supply them with logs for the immediate future, so that they could not continue to perform their logging contract, while the defendants claim that they were proceeding to perform their part of the contract when the plaintiffs, without just cause, sued out the attachment.

One of the assignments of error is thus stated:

"The circuit court erred in overruling the motion of the defendants to strike out all evidence of the plaintiffs as to profits from logging the remainder of the timber, and then permitting the plaintiffs to amend their petition, and thereupon refusing to continue the case on the

motion of the defendants on the ground that they were taken by surprise."

This assignment is based upon three exceptions, numbered 15, 16 and 17, which severally show:

(a) "At the conclusion of the evidence in this case, the defendants, by counsel, moved the court to strike out and exclude from the jury any and all evidence introduced by the plaintiffs on the question of what they would have made if they had gone ahead to haul the timber left standing on the Ireson boundary of land described in the contract in evidence in this case; which motion the court overruled  *  *  *

(b) "After the ruling of the court set out in the preceding exception No. 15, the plaintiffs, by counsel, renewed their motion to be permitted to amend the petition of the plaintiffs filed on the 18th day of July, 1921, by striking out the following clause: 'and the said failure of said defendants to perform their part of the contract, which is the cause of said damage to your petitioners, has extended from the 15th day of June to the 15th day of July, 1921, being twenty-seven work days during said time, and at the rate of $17.00 per day, makes a total damage of $459.00, which at the least your petitioners are entitled to and ought to recover;' and in lieu thereof insert the following: 'and by reason of said plaintiffs being wrongfully deprived of logging the remainder of the timber on the Ireson land, as set forth in the written contract in evidence in this case, which said timber is estimated to contain at least 400,000 feet, at the price of $6.00 per thousand feet, after deducting therefrom the amount that it cost said plaintiffs to perform said contract, which amount is $459.00, and which said amount at the least your petitioners are entitled to and ought to recover.' Which motion was resisted by the defendants. Whereupon the court permitted the

plaintiffs to amend their said petition as set forth above, to which ruling of the court the defendants, by their attorneys, excepted.

(c) "After the action of the court as set out in the preceding certificate of exception No. 16, the defendants, by counsel, moved the court to withdraw a juror and continue the case at the cost of the plaintiffs, on the ground that they are taken by surprise by the amendment and did not prepare and present the case with the expectation of meeting any evidence that would .be introduced under the theory of the case presented by the amendment allowed by the court, which motion was overruled by the court, and to which action of the court the defendants then and there excepted."

The record shows also that similar motions of the plaintiffs to amend their petition had been twice previously made during the trial while the testimony was being introduced. It was first made before the evidence in chief for the plaintiffs had been concluded, at which time one of the attorneys for the plaintiffs stated that: "He is not attempting to secure damages for the timber still standing there in the woods, but for the thirty days he was sitting there ready to haul and they wouldn't permit him to haul."

The court, although it was conceded that if the amendment was then permitted, the defendants would be entitled to a continuance at the costs of the plaintiffs, overruled the motion, saying:

"I think that that amendment is of such character— of course if it had been made before evidence had been introduced and before the jury was sworn, I would have allowed it to be made. It is so material I don't think the amendment could be made except on the condition you withdraw a juror and continue the case. I don't . think that ought to be done. The only way you could

amend that now would be to take a non-suit and bring a new suit."

The trial then proceeded, and on the second day after much of the testimony of the defendants had been introduced the motion to amend was renewed and again denied by the court in this language:

"I am not inclined to allow the pleadings to be amended at this stage of the case. I think that the plaintiff would get all the substantial justice here he is entitled to under these pleadings."

[1] The Virginia statutes, Code, sections 6104, 6250 and 6409, allow substantial amendments in the pleadings for the promotion of justice, and they have always been liberally construed by this court as remedial in purpose. *New River Mineral Co.* v. *Painter,* 100 Va. 507, 42 S. E. 300; *Ches. & O. Ry. Co.* v. *Swartz,* 115 Va. 730, 80 S. E. 568; *N. & W. Ry. Co.* v. *Perdue,* 117 Va. 116, 83 S. E. 1058; *Standard Paint Co.* v. *Vietor,* 120 Va. 595, 91 S. E. 752.

[2] Applying the statutory rule to this case, we think that the trial court should have permitted the amendment when it was first offered, before the evidence for the plaintiffs had been fully submitted. This amendment was germane, related to the same contract and the right to recover depended upon the same alleged breach thereof by the defendants. The change only amplified the specific items or causes of the damages and the amount claimed for such alleged breach.

[3] It follows that we also think the amendment should have been allowed when offered the second time. It was then still possible for both parties (unless the case had been then continued) to introduce their evidence upon the additional or amplified clause presented by the amendment, and to direct the attention of the jury to the issue thus tendered. It is unnecessary to

determine whether the case should then have been continued in order to permit the defendants to prepare to meet this new issue.

[4-6] The court having twice refused to allow the amendment during the presentation of the testimony, the case was conducted by both of the litigants in obedience to this ruling. It may be inferred from the evidence that there were from 400,000 to 461,000 feet of uncut logs left on the land, which under their contract the plaintiffs had the right to haul, and also from the testimony of one of the plaintiffs that their profit would have been $2.00 per thousand, or at least $800.00. The defendant's witnesses, however, testify that the plaintiffs had already performed the easiest and most profitable part of their contract, and that the rest of the timber was so located as to increase their expenses so greatly as to make the further or complete performance unprofitable to the plaintiffs. These features of the testimony, however, are merely incidental to the issues which are clearly presented by the original pleadings, and which were in fact the only issues actually tried. If the additional or substituted claim presented by the amendment had been previously permitted, it cannot be doubted that both of the litigants would have emphasized their conflicting contentions with reference thereto, and supplied the jury with evidence upon which a conclusion might be fairly based. If the plaintiffs are right in their contention that they have sustained a substantial loss on this claim of damage, then their verdict is for less than they are entitled to, whereas if the defendants are right there should be no recovery on this item. We conclude that the court in permitting the amendment at that stage of the trial, after the testimony had closed, without either granting the defendants' motion for a continuance on the ground of sur-

prise, or affording an opportunity to try the new issue which this amendment tendered, erred to the prejudice of the defendants. While the general rule is that the plaintiff must fairly state his case, and the evidence must be directed to the issues raised by the pleadings, still it is true that sometimes cases arise in which both parties ignore their pleadings and in fact by their testimony fairly present other cognate issues to the jury. In such cases, both may be held to have waived their right to limit the issues by the pleadings, and when this occurs the pleadings may be amended at a very late stage of the proceedings. This, however, is not such a case. To apply that liberal rule under the circumstances here shown and to establish such a precedent here, would neither simplify proceedings nor be conducive to the attainment of the ends of substantial justice. On the contrary there is danger that it would tend to complicate proceedings and promote injustice. It is fundamental that the judge, the jury and the litigants should understand the issues being tried before the testimony is concluded. *Norfolk S. R. Co.* v. *Greenwich Corp.,* 122 Va. 634, 95 S. E. 389. This error is emphasized in the single instruction given for the plaintiffs. It reads:

"The court instructs the jury if you believe that Thompson and Lambert were wrongfully deprived of logging the remainder of the timber on the Ireson land, as set forth in the written contract in evidence in this case, then they are entitled to recover, as an equivalent and by way of damages, the difference between the contract price, the amount they would have earned and been entitled to recover on performance, and the amount it would have cost them to perform the contract. In estimating such costs, allowance must be

made for every item of cost and expense necessarily attending a full compliance on their part."

[7] The amendment which solely relates to lost profits on the entire contract only claims $459.00 for this item of damage. So that the instruction is also erroneous in failing to limit the recovery on this account to the amount thus claimed.

There are two assignments of error because of the refusal to give two instructions offered for the defendants. They read thus:

(a) "The court tells the jury that the plaintiffs cannot recover anything in this case unless they first prove by a preponderance of the evidence that the defendants on their part violated the contract sued on; and if the plaintiffs have failed to prove by a preponderance of the evidence that the defendants did break the contract on their part they must find for the defendants.

(b) "The court instructs the jury that the burden is upon the plaintiffs to prove by a preponderance of the evidence that the defendants breached the contract sued on before they are entitled to recover in this case, and that they are not entitled to recover the item of $239.00 retained by defendants until the completion of the entire contract unless they show that the defendants breached the contract."

[8] It is clear to us that the defendants, under the evidence, were entitled to have the jury instructed as to the burden of proof. There were no other instructions given which covered this point, so that the refusal to give these or their equivalent was erroneous, and it is not necessary to amplify this conclusion.

There are several other errors assigned relating to the admission and rejection of testimony, but as these assignments present no exceptional or novel questions, we do not think it necessary to prolong this opinion by

discussing them. Some of them arose out of immediate conditions and will not arise again, while others, if they arise on the next trial, can be settled by reference to well settled rules, which need no repetition.

The judgment will be reversed and the case remanded for a new trial.

*Reversed.*