**Norval SMITH, Appellee,**

v.

**Thomas BRADY and Holt, Rinehart & Winston, Inc., Appellants.**

**No. 11450.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 8, 1967.

Decided Jan. 12, 1968.

Lester C. Hess, Jr., and John B. Garden, Wheeling, W. Va., for appellants.

Thomas R. Ceraso, Greensburg, Pa., (Scales & Shaw, Greensburg, Pa., and Ronald W. Kasserman, Wheeling, W. Va., on the brief) for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The defendants in this action for personal injuries seek to vacate a judgment of $22,500 on grounds that it is excessive and the result of prejudicial references by the trial judge to the *ad damnum* clause of the complaint. They challenge these portions of the charge which followed proper explanation of the measure and elements of the plaintiff's damages:

" * * * (The jury may) allow such damages as * * * will be a fair and just compensation for the injury which the plaintiff has sustained, not to exceed the sum of one hundred thousand dollars, the amount claimed in plaintiff's complaint.

"The allegation of damages is not evidence, of course, but merely the extent of the plaintiff's claim, and must not be considered by you as evidence.

"The allegations of the complaint as to the amount of damages * * * are not to be considered by you * * * except in this one respect, that the amount * * * claimed * * * does fix a maximum limit, and you are not permitted to award the plaintiff more than that amount."

■■ The instructions are not a correct statement of law. The amount of the plaintiff's claim bears no relation to the verdict. The propriety of the verdict is tested by the evidence, not the *ad damnum* clause. Fed.R.Civ.P. 54(c); Riggs, Ferris & Geer v. Lillibridge, 316 F.2d 60 (2d Cir. 1963); Barron and Holtzoff, 3 Federal Practice and Procedure, § 1194, p. 38 (Wright ed. 1958).

Additionally, the instructions are misleading. They may leave the erroneous impression the court has ruled that any verdict not exceeding the plaintiff's claim is proper. See Williams v. Nichols, 266 F.2d 389, 390, 393 (4th Cir. 1959). It is sufficient for the court to explain to the jury the correct measure of the plaintiff's damages and the elements they should consider in reaching their verdict.

■ In this case we find the evidence supports the amount of the verdict. Un-

der the circumstances the court's reference to the *ad damnum* clause was not prejudicial. The judgment is

Affirmed.