**Amanda Billie Ann DOTSON, etc., Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. 2:01CV00111.**

United States District Court, W.D. Virginia, Big Stone Gap Division.

Sept. 6, 2002.

S.D. Roberts Moore, Jimmy F. Robinson, Jr., Gentry Locke Rakes & Moore, Roanoke, VA, and Clarence E. Phillips, Castlewood, VA, for Plaintiff.

Brian K. Telfair, Robert L. Wise, David L. Graves, and Bard D. Borkon, Bowman and Brooke, LLP, Richmond, VA, and Minneapolis, MN, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

The defendant requests the court to reconsider its order allowing the plaintiff to increase the amount sued for in this personal injury case. For the reasons set forth in this opinion, the motion will be denied.

This is a products liability case seeking damages for personal injury. The jurisdiction of this court is based on diversity of citizenship and amount in controversy. *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp.2002). Trial is scheduled to begin on October 7, 2002. On August 26, 2002, the plaintiff filed a motion seeking leave to amend her complaint to increase the damages sought from $3,000,000 to $10,000,000. The motion was granted by order entered August 27, 2002. The defendant has now moved to vacate the order permitting the amendment on the ground that the request was untimely because discovery has been completed and the defendant will be unfairly prejudiced by an increase in the ad damnum at this stage of the case.

The defendant misapprehends the role of the ad damnum in a federal case. It serves no practical purpose in a contested case, since "[t]he propriety of the verdict is tested by the evidence, not the *ad damnum* clause." *Smith v. Brady*, 390 F.2d 176, 177 (4th Cir.1968). The complaint need not set forth the amount of general compensatory damages sought, and even if it does, the amount of the verdict may exceed the amount demanded in the complaint. *See* 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1255, at 371 (2d ed.1990). While Virginia law is different, *see Powell v. Sears Roebuck & Co.*, 231 Va. 464, 344 S.E.2d 916, 919 (Va.1986) ("In Virginia, a plaintiff cannot recover more than he sues for though he can recover less."), this is a matter of federal procedure, even in a diversity case. *See Riggs, Ferris & Geer v. Lillibridge*, 316 F.2d 60, 62 (2d Cir. 1963). The argument that the defendant is unfairly prejudiced because it has been proceeding on the theory that the plaintiff's damages were capped by the amount of the ad damnum is unavailing, since the jury might have returned a verdict greater than the ad damnum, if justified by the evidence. *See Roorda v. Am. Oil Co.*, 446

F.Supp. 939, 948 (W.D.N.Y.1978).[1]

For these reasons, it is **ORDERED** that the Motion to Suspend or Vacate (Doc. No. 27) is denied.

---

1. Moreover, while Virginia law permits a party to tell the jury the amount of damages sought by the plaintiff in the case, *see* Va.Code Ann. § 8.01–379.1 (Michie 2000), no such right exists in federal court, even in a diversity case. *See Paul v. Gomez,* 190 F.R.D. 402, 403 n. 10 (W.D.Va.2000).