**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LAMONT O. DOUGLAS,
*Plaintiff-Appellant,*

v.

J. MCCARTY,
*Defendant-Appellee,*

G. MEADE; R. FLEMING; SERGEANT HILLYER; SERGEANT WOOD; M. HARRISON; D. P. KING; CORRECTIONAL OFFICER JORDAN,
*Defendants.*

No. 03-6776

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CA-01-70327-2)

Submitted: October 3, 2003

Decided: November 19, 2003

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Lamont O. Douglas, Appellant Pro Se. Mark Ralph Davis, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lamont O. Douglas, a state prisoner, appeals from the district court's orders granting remittitur on the award of damages on defendant McCarty's counterclaim and denying Douglas's Fed. R. Civ. P. Rule 59(a) motion for a new trial. This case arose out of an altercation between Douglas and McCarty, a correctional officer, in which both Douglas and McCarty sustained injuries. After independently reviewing the record, we affirm the district court's orders.

Douglas makes the following arguments: (1) the district court abused its discretion by conferring jurisdiction over McCarty's counterclaim; (2) the district court erred by dismissing the claims against defendant Meade in his 42 U.S.C. § 1983 (2000) action; (3) the magistrate judge erred by finding that Douglas had to prepay the applicable fees for non-inmate witnesses; (4) the magistrate judge erred by failing to impose discovery sanctions or conduct a hearing thereon; (5) the district court improperly awarded damages in excess of the amount contained in the ad damnum clause of McCarty's counterclaim; and (6) the district court abused its discretion by denying his Fed. R. Civ. P. 59(a) motion for a new trial.

We find that Douglas's argument that the district court did not properly have jurisdiction over McCarty's counterclaim is without merit. In particular, we find that McCarty had standing to bring the counterclaim. Douglas contends that the Virginia Attorney General ("AG"), which represented McCarty on the counterclaim, did not have the authority to represent McCarty because he was not employed by the Virginia Department of Corrections ("VDOC") at the time the counterclaim was filed. We first note that the statute upon which Douglas relies, Va. Code Ann. § 2.1-121, was repealed effective October 1, 2001. The state statutes regarding the function of the AG's office are now found at § 2.2-500 through § 2.2-518. According to

Va. Code Ann. § 2.2-507(B), "[t]he Attorney General may represent . . . any of the following persons who are made defendant in any civil action for damages arising out of any matter connected with their official duties: . . . [m]embers, agents or employees of the . . . Department of Corrections. . . ." Contrary to Douglas's contention, the statute does not require that an individual be a member, agent, or employee of the relevant department at the time the counterclaim is filed. All that is required is that the civil litigation for which damages are sought arise from the individual's official duties. McCarty's injuries clearly arose from his duties as a correctional officer with the VDOC. Thus, Douglas's argument fails.

We next find that McCarty's counterclaim was filed within the applicable statute of limitations period. According to Va. Code Ann. § 8.01-243, the statute of limitations for a personal injury claim is two years after accrual of the cause of action. A cause of action accrues on the date the injury is sustained. *See* Va. Code Ann. § 8.01-230 (Michie 2000). Here, McCarty's cause of action accrued on August 22, 1999, the date the altercation occurred resulting in his injuries. Thus, the limitations period normally would have expired on August 22, 2001. However, Va. Code Ann. § 8.01-233(B) provides that if the subject matter of a counterclaim arises out of the same transaction or occurrence upon which the plaintiff's claim is based, as here, the statute of limitations with respect to the counterclaim is tolled by the commencement of the plaintiff's action. Douglas filed his § 1983 complaint on May 4, 2001. Thus, McCarty's counterclaim, filed on September 17, 2001, was timely filed.

Douglas further argues that the magistrate judge abused her discretion by failing to dispose of this matter prior to the commencement of trial under Fed. R. Civ. P. 72. While it is true that Douglas's motion to dismiss McCarty's counterclaim for lack of standing was not addressed, the magistrate judge's failure to act on the motion was harmless, even if assumed to be erroneous, because, for the reasons already discussed, his motion lacked merit. Thus, this argument fails.

Next, Douglas argues that the district court erred by dismissing his § 1983 claims against defendant Meade, a prison nurse who treated him following the altercation. We disagree. The magistrate judge dismissed such claims pursuant to 28 U.S.C. § 1915A(b)(1) (2000) for

failure to state a claim upon which relief may be granted. We review such a dismissal de novo. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). To the extent that Douglas's claims against Meade allege inadequate medical care, he fails to state a constitutional violation. In particular, Douglas's allegations that Meade failed to accurately record his medical condition following the altercation and that she exhibited a hostile attitude toward him, do not demonstrate the requisite deliberate indifference to a serious medical need to state a cognizable Eighth Amendment claim for denial of medical care. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Moreover, to the extent that Douglas's complaint states a discrimination claim under the Equal Protection Clause of the Fourteenth Amendment against Meade, it also fails because his allegation is merely conjectural and speculative. *See Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003) (holding that claim alleging violation of equal protection based on discrimination must allege discriminatory intent with more than mere conclusory assertions), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Sept. 10, 2003) (No. 03-381).

Additionally, Douglas argues that the magistrate judge erred by finding that he was required to pay the applicable fees for non-inmate witnesses. We find this argument baseless. We agree with the several circuits that have addressed the issue that federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis civil litigant. *See Malik v. Lavalley*, 994 F.2d 90 (2d Cir. 1993); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987); *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984). Thus, we find no abuse of discretion in this respect.

Douglas next argues that the magistrate judge erroneously denied his motion for discovery sanctions against defense counsel and erred by failing to conduct a hearing thereon. We will reverse a district court's sanction decision only for an abuse of discretion. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *see also Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003). Douglas's reliance on *Gonsalves v. City of New Bedford*, 168 F.R.D. 102 (D. Mass.

1996) is misplaced. First, *Gonsalves* involved particularly egregious conduct on behalf of counsel, which is not present here. Furthermore, the portion of the holding in *Gonsalves* regarding mandatory sanctions was for counsel's failure to comply with Fed. R. Civ. P. 26(g)(2), which requires at least one attorney of record to sign the various discovery pleadings. Douglas makes no such allegation. Thus, this argument fails.

Douglas also argues that the district court erred by allowing a jury award on McCarty's counterclaim in an amount in excess of that specified in the ad damnum clause of the counterclaim. Douglas cites *Powell v. Sears, Roebuck & Co.*, 344 S.E.2d 916 (Va. 1986), for the proposition that a plaintiff cannot recover more than the amount for which he or she sues. While this is true under Virginia law, this issue in this case is governed by federal, not state, procedural rules. *See Dotson v. Ford Motor Co.*, 218 F. Supp. 2d 815, 816 (W.D. Va. 2002) (citing *Smith v. Brady*, 390 F.2d 176, 177 (4th Cir. 1968)). In *Smith*, we stated that "[t]he propriety of the verdict is tested by the evidence, not the *ad damnum* clause." 390 F.2d at 177 (emphasis in original). Thus, the district court did not err by awarding damages in an amount in excess of that specified in McCarty's ad damnum clause. We further find that an award of $250,000 is not excessive given the life-threatening injuries sustained by McCarty and the unprovoked nature of the attack.

Lastly, Douglas argues that the district court erred by denying his Rule 59(a) motion for a new trial. We review such a denial for abuse of discretion. *See Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). A new trial will be granted under the following circumstances: (1) intervening changes in the law; (2) new evidence not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice. *See EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997).

Contrary to Douglas's argument, the district court did not err by failing to assess the credibility of the witnesses at trial. *See Abasiekong v. City of Shelby*, 744 F.2d 1055, 1059 (4th Cir. 1984) (holding that trial judge should not substitute own judgment of facts and witness credibility, particularly where the subject matter of trial is easily comprehended by a lay jury). We also reject Douglas's argu-

ment that he should have been granted a new trial based on the defendants' failure to produce McCarty's medical records. First, as the district court found, Douglas did not request such records during discovery. Moreover, the district court liberally construed this portion of Douglas's motion as being based on newly discovered evidence. However, because these records would have been cumulative of McCarty's testimony and records already in evidence, and because Douglas would have used them only to impeach McCarty's testimony regarding McCarty's injuries, he fails to meet the standard set forth in *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989), for the grant of a new trial based on newly discovered evidence.

Accordingly, we affirm the district court's orders granting remittitur in the amount of $250,000 and denying Douglas's Rule 59(a) motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*