Present: All the Justices

SUZANNA S. TORLONI

v. Record No. 061506      OPINION BY JUSTICE DONALD W. LEMONS
                                   JUNE 8, 2007
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Jr., Judge

In this appeal, we consider whether the trial court erred in reducing the ad damnum against the Commonwealth to $100,000 prior to a jury verdict and subsequently dismissing the action with prejudice.

I. FACTS AND PROCEEDINGS BELOW

Suzanna S. Torloni ("Torloni") was a passenger in a vehicle that was driven off a state-maintained road and onto the right shoulder which dropped off abruptly, approximately eight to twelve inches below the surface of the roadway. The driver lost control of the vehicle, which then traveled to the other side of the road, hit an embankment, and rolled over, injuring Torloni.

Before filing this suit against the Commonwealth, Torloni settled with the driver of the vehicle ("settling tortfeasor") for $100,000. Torloni's present action against the Commonwealth asserts claims of negligence and nuisance, alleging that improper maintenance of the roadway created a

dangerous condition at the accident site that caused the driver to lose control of the vehicle.

The Commonwealth filed a demurrer to Torloni's motion for judgment, arguing, in part, that the $1.5 million claim against the Commonwealth should be reduced to $100,000, the liability limit under the Virginia Tort Claims Act Code §§ 8.01-195.1 to -195.9 (the "Act"). Torloni's memorandum in opposition to the Commonwealth's demurrer did not address this argument. After hearing argument on the demurrer, the trial court entered an order, which in part provided that "the demurrer is sustained as to the amount of the claimed damages and by this Order the damage claims against the Commonwealth are reduced to $100,000." Torloni wrote "[s]een and all objections presented in writing and argument preserved" on the order. There is no transcript of the demurrer proceeding.

Almost two months later, Torloni filed a motion for reconsideration and reinstatement of the original amount of the ad damnum of $1.5 million. The Commonwealth filed a brief in opposition to the motion. The trial court subsequently entered an order denying the motion for reconsideration.

The Commonwealth next filed a special plea or motion for partial summary judgment and motion to amend grounds of defense/answer. Torloni filed a brief opposing the Commonwealth's special plea or motion for partial summary

judgment. The trial court granted the Commonwealth's special plea and dismissed the action with prejudice.

The trial court highlighted the following facts in reaching its decision: the Commonwealth's maximum liability under Code § 8.01-195.3 was $100,000; Torloni could not recover more than $100,000 from the Commonwealth under the reduced ad damnum; Torloni had already recovered $100,000 from the settling tortfeasor; and pursuant to Code § 8.01-35.1, the statute governing settlement agreements in actions with joint tortfeasors, a credit of $100,000 from the settlement with the settling tortfeasor would be applied against any damages Torloni was awarded in the action against the Commonwealth. Accordingly, the trial court found that the settlement for $100,000 with the settling tortfeasor effectively insulated the Commonwealth from liability.

Torloni filed a timely notice of appeal to this Court. We granted Torloni's petition for appeal on two assignments of error:

1. The Circuit Court erred in reducing the ad damnum against the Commonwealth to $100,000 prior to trial and verdict by the jury.

2. The Circuit Court erred in granting the Commonwealth's special plea and in dismissing the action with prejudice. It erred in holding that since the maximum amount recoverable against the Commonwealth was $100,000, Ms. Torloni could not recover any damages from the Commonwealth because she had already recovered $100,000 from the joint-tortfeasor and Va. Code § 8.01-

3

35.1 required that the $100,000 be applied to reduce any amount recovered against the Commonwealth.

## II. ANALYSIS

### A. Procedural Error

The Commonwealth argues that Torloni did not preserve her objection to the trial court's ruling that reduced the ad damnum against the Commonwealth to $100,000. The Commonwealth's brief in support of a demurrer argued that because the Act caps claims against the Commonwealth at $100,000, the trial court should dismiss Torloni's claims or at the very least, reduce the ad damnum. Torloni's memorandum in opposition to the Commonwealth's demurrer did not address this argument. There is no transcript of the demurrer proceeding. The trial court's order provided that "the demurrer is sustained as to the amount of the claimed damages and by this Order the damage claims against the Commonwealth are reduced to $100,000." Torloni wrote "[s]een and all objections presented in writing and argument preserved" on the order.

Almost two months later, Torloni filed a motion for reconsideration and reinstatement of the original amount of the ad damnum of $1.5 million. The arguments presented in support of the motion are the same arguments Torloni makes in this appeal.

4

Because the trial court's order sustaining the demurrer was not a final order, and because Torloni briefed the issue in a motion for reconsideration and the trial court ruled on the motion by denying it, we hold that Torloni adequately preserved the issue for review in this appeal.

B.  Harmonizing Code § 8.01-195.3 and Code § 8.01-35.1

Prior to a jury verdict and in response to the Commonwealth's demurrer, the trial court reduced Torloni's ad damnum against the Commonwealth, from $1.5 million to $100,000.  Pursuant to the Act, the most a plaintiff can recover against the Commonwealth is $100,000.  Code § 8.01-195.3 ("The amount recoverable by any claimant [against the Commonwealth] shall not exceed . . . $100,000.").  We hold that this limitation is a matter properly considered and imposed after the jury returns a verdict.

In Etheridge v. Medical Center Hospitals, 237 Va. 87, 96, 376 S.E.2d 525, 529 (1989), we stated that "the jury's fact-finding function extends to the assessment of damages." Because limitations on recoveries are matters of remedy, "[a] trial court applies the remedy's limitation only after the jury has fulfilled its fact-finding function." Id.  By reducing the ad damnum before a jury verdict, the court erred in placing a cap on the amount Torloni could recover for her

5

injuries.  See Pulliam v. Coastal Emergency Servs., Inc., 257 Va. 1, 13, 509 S.E.2d 307, 314 (1999).

Additionally, the statute waiving the Commonwealth's immunity, Code § 8.01-195.3, does not provide that an action cannot commence for an amount in excess of the Commonwealth's exposure nor does it limit the total amount a plaintiff may recover for an injury.  Rather, Code § 8.01-195.3 simply limits the amount the Commonwealth may have to pay if a jury reaches a verdict in excess of the $100,000 limitation.  Consequently, we hold that the trial court erred in reducing the ad damnum against the Commonwealth before the jury returned a verdict.

For these reasons, the trial court's error in reducing the ad damnum to $100,000 led to the dismissal of Torloni's action because "a plaintiff cannot recover more than he sues for."  Powell v. Sears, Roebuck & Co., 231 Va. 464, 469, 344 S.E.2d 916, 919 (1986).  Because Torloni had already received $100,000 from the settling tortfeasor, and the Commonwealth was entitled to a credit for that amount, there was nothing left to be recovered from the Commonwealth.  Therefore, the trial court's erroneous reduction of the ad damnum to $100,000 foreclosed the possibility of any recovery against the Commonwealth.

The second assignment of error is based on the statutory interpretation of both Code § 8.01-195.3 and Code § 8.01-35.1 which presents a pure question of law subject to de novo review.  Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006).  When statutory language is clear and unambiguous, the plain meaning will apply.  Lynch v. Commonwealth Transp. Comm'r, 255 Va. 227, 231, 495 S.E.2d 247, 249 (1998).

Code § 8.01-195.3, governing the waiver of the Commonwealth's sovereign immunity, provides that "[t]he amount recoverable by any claimant [against the Commonwealth] shall not exceed . . . $100,000."  The clear and unambiguous language of this statute reveals that a claimant may recover up to $100,000 from the Commonwealth.

Code § 8.01-35.1 in pertinent part provides:

> [A release or covenant not to sue] shall not discharge any of the other tort-feasors from liability for the injury, property damage or wrongful death unless its terms so provide; but any amount recovered against the other tort-feasors or any one of them shall be reduced by any amount stipulated by the covenant or the release, or in the amount of the consideration paid for it, whichever is the greater. . . . A release or covenant not to sue given pursuant to this section shall not be admitted into evidence in the trial of the matter but shall be considered by the court in determining the amount for which judgment shall be entered.

The clear and unambiguous language of Code § 8.01-35.1 preserves the right of action against the non-settling tortfeasor, provides that "any amount recovered" from the non-settling tortfeasor must "be reduced" by the amount received from the settling tortfeasor, and requires the court to consider the amount paid by the settling tortfeasor in determining the amount for which judgment should be entered.

We hold that there is no conflict between Code § 8.01-195.3 and Code § 8.01-35.1. The plain meaning of the two statutes, read together and applied to this case, is that an award that a plaintiff receives in tort against the Commonwealth must be reduced by the amount received from the settling tortfeasor. In other words, if the jury returned a verdict in excess of $100,000, the trial court would then reduce the verdict by the amount received from the settling tortfeasor and would enter judgment for the difference, not to exceed the Commonwealth's exposure of $100,000.

The Commonwealth argues that our decision in Fairfax Hospital System, Inc. v. Nevitt, 249 Va. 591, 457 S.E.2d 10 (1995), governs the application of Code § 8.01-195.3 and Code § 8.01-35.1. The Commonwealth asserts that Nevitt means that the Act's cap of $100,000, which limits the "amount recoverable," must be applied before applying any settlement credits. We disagree.

In *Nevitt*, we considered the interplay of the joint tortfeasor statute and the medical malpractice cap statute, Code § 8.01-581.15.  *Id.* at 596-99, 457 S.E.2d at 13-14.  Code § 8.01-581.15, outlining the medical malpractice cap, in pertinent part provides:

> In any verdict returned against a health care provider in an action for malpractice where the act or acts of malpractice occurred on or after August 1, 1999, which is tried by a jury or in any judgment entered against a health care provider in such an action which is tried without a jury, the total amount recoverable for any injury to, or death of, a patient shall not exceed $1.5 million. The maximum recovery limit of $1.5 million shall increase on July 1, 2000, and each July 1 thereafter by $50,000 per year; however, the annual increase on July 1, 2007, and the annual increase on July 1, 2008, shall be $75,000 per year. Each annual increase shall apply to the act or acts of malpractice occurring on or after the effective date of the increase. The July 1, 2008, increase shall be the final annual increase.

(Emphasis added.)  In *Nevitt*, we held that a jury verdict must be reduced first to the statutory cap level before applying credits from joint tortfeasors.  *Id.* at 599, 457 S.E.2d at 14-15.

Torloni maintains that our analysis in *Nevitt* was wrong and urges the Court to reconsider *Nevitt*.  We need not accept Torloni's invitation because *Nevitt* does not apply to this case.  There is a fundamental difference between the statutory cap on medical malpractice claims and the limit on the

9

Commonwealth's liability pursuant to Code § 8.01-195.3. The medical malpractice statutory cap limits the total damages recoverable for an injury, regardless of the number of defendants or theories sued upon. Id. at 598, 457 S.E.2d at 14. In contrast, Code § 8.01-195.3 limits the amount recoverable against the Commonwealth to $100,000, but it does not limit the total amount the plaintiff may recover for her injuries.

Accordingly, the appropriate order of reduction when harmonizing Code § 8.01-35.1 and Code § 8.01-195.3 is as follows: pursuant to Code § 8.01-35.1, an award would be reduced by the amount the plaintiff received from the settling tortfeasor; and then, pursuant to Code § 8.01-195.3, the $100,000 limitation on the Commonwealth's exposure would be applied.

## III. CONCLUSION

Because the trial court erred in reducing the ad damnum against the Commonwealth to $100,000 prior to verdict, the trial court also erred in dismissing Torloni's claim against the Commonwealth pursuant to Code § 8.01-35.1. Accordingly, we will reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.