**Patrice B. PAUL, etc., Plaintiff,**

v.

**Roy C. GOMEZ, M.D., Defendant.**

**No. 1:99CV00166.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 3, 2000.

Mary Lynn Tate, Tate Law Firm, Abingdon, VA, Matthew Brundred Murray, Richmond and Fishburne, Charlottesville, VA, for Plaintiff.

Thomas W. Farrell, Wooten & Hart, Roanoke, VA, for Defendant.

**OPINION AND ORDER**

JONES, District Judge.

In this medical malpractice action, the defendant has moved to strike the ad damnum clause of the plaintiff's complaint because it seeks damages in excess of the Virginia statutory cap and to strike the claim for punitive damages on the ground that it is factually insufficient. I will grant the motion as to the ad damnum but deny it as to the claim for punitive damages.

I

The plaintiff claims that her decedent, Johnny M. Beverly, was the victim of medical malpractice at the hands of the defendant

physician.[1]   Count I of the complaint alleges that the defendant breached the applicable standard of care in the examination, diagnosis, care, and treatment of Beverly, and that as a result Beverly died on February 5, 1997. Count II alleges that the physician's failure to adhere to the standard of care "was motivated by [the physician's] selfish motives of personal gain to the complete detriment of his patient and was so willful, wanton and grossly negligent as to show a conscious disregard for the rights of Beverly and to justify an award of punitive damages...."[2]

The complaint demands two million dollars compensatory damages and five hundred thousand dollars punitive damages, together with prejudgment interest.

The defendant has moved to strike any claim for damages in excess of the Virginia medical malpractice statutory cap, which requires, in pertinent part, that "[i]n any verdict returned against a health care provider in an action for malpractice ... the total amount recoverable for any injury to, or death of, a patient shall not exceed one million dollars."[3]

The defendant also has moved to strike the claim for punitive damages on the ground that the plaintiff "fails to allege facts in her complaint that rise to the level of 'egregious' conduct so as to warrant recovery of punitive damages."[4]

The plaintiff has responded to the motion to strike and it is ripe for decision.

## II

Rule 12(f) authorizes the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter."[5]   A matter is "impertinent" or "immaterial" if it is not relevant to the issues involved in the action.[6]

The defendant contends that the ad damnum seeking more than one million dollars is irrelevant since it exceeds the statutory cap.   The plaintiff argues that by its plain terms the Virginia statute does not preclude an action that requests a greater amount, but only requires the court to reduce any award that exceeds the cap.[7]   Trial courts in Virginia have split on this issue.[8]

Under federal procedure, an ad damnum serves no practical purpose in a contested case, since the court must award the full relief to which the plaintiff is entitled, regardless of the state of the pleadings.[9]   Even if the court allowed the plaintiff at the trial in this case to advise the jury of the damages sought, the ad damnum would not constrain the amount of damages claimed.[10]   The plaintiff is not prejudiced by striking the ad damnum.

---

1. Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy.   *See* 28 U.S.C.A. § 1332(a) (West 1993 & Supp.1999).

2. Compl. ¶ 24.

3. Va.Code Ann. § 8.01–581.15 (Michie 1992).   The limit has since been increased.   *See* 1999 Va. Acts ch. 711.

4. Mot. to Strike ¶ 3, at 3.

5. Fed.R.Civ.P. 12(f).

6. *See* 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.37[3] (3d ed.1999).

7. The constitutionality of the Virginia cap has been upheld.   *See Pulliam v. Coastal Emergency Servs., Inc.*, 257 Va. 1, 509 S.E.2d 307, 310 (1999); *Etheridge v. Medical Ctr. Hosps.*, 237 Va. 87, 376 S.E.2d 525, 528–34 (1989); *Boyd v. Bulala*, 877 F.2d 1191, 1196 (4th Cir.1989).

8. *Compare City of Winchester Dupont v. Winchester Med. Ctr., Inc.*, No. 92–171, 1993 WL 946308, at *4 (Cir. Ct. Warren County, Va. Nov. 8, 1993) (motion to reduce ad damnum granted), *with Bennett v. Riverside Reg'l Med. Ctr.*, No. 23629–RF, 1997 WL 1070546, at *1 (Cir. Ct. City of Newport News, Va. Mar. 17, 1997) (motion to reduce denied).

9. *See* Fed.R.Civ.P. 54(c); *Gilbane Bldg. Co. v. Federal Reserve Bank*, 80 F.3d 895, 900–01 (4th Cir.1996).

10. While Virginia law permits a party to tell the jury the amount of damages sought by the plaintiff in the case, *see* Va.Code Ann. § 8.01–379.1 (Michie Supp.1999), no such right exists in federal court, even in a diversity case. *See Craven v. Associated Transp., Inc.*, 40 F.R.D. 8, 10–12 (D.S.C.1966).

404

Accordingly, the motion to strike the amounts sued for in this case will be granted.

### III

 Allegations as to punitive damages are certainly material to a personal injury claim, and therefore a motion to strike is not the appropriate procedural tool to test their sufficiency.[11] Nevertheless, even treating the motion as one to dismiss count II of the complaint pursuant to rule 12(b)(6), it must be denied.

There is no heightened pleading standard for punitive damages, and a "short and plain statement of the claim" is all that is required.[12] The allegations here are sufficient, at least at this stage of the case, to withstand a motion to dismiss.

### IV

For the reasons stated, the motion to strike will be granted in part and denied in part. It is **ORDERED** that the amounts sued for in the complaint are stricken. Otherwise, it is **ORDERED** that the motion to strike, treated as a motion to dismiss, is denied as to the claim for punitive damages.

---

**11.** *See Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 880 F.Supp. 1202, 1214 (N.D.Ill. 1995).

**12.** Fed.R.Civ.P. 8(a). *See Tiller v. Hobart Corp.*, 58 F.Supp.2d 688, 689 (W.D.Va.1999).